Cameron International Trading Co., Inc. v. Hawk Importers, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:  PIERRE N. LEVAL,
          ROBERT A. KATZMANN,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

CAMERON INTERNATIONAL TRADING CO., INC., dba Carson Optical, LEADING EXTREME OPTIMIST INDUSTRIES LTD.,

                    *Plaintiffs-Appellees*,

                    - v -                    No. 11-3872-cv

HAWK IMPORTERS, INC., SHYAM BAHETI, RAM BAHETI,

                    *Defendants-Appellants.*

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | ROBERT J. DEBRAUWERE (Eric D. Dowell, *on the brief*), Pyror Cashman LLP, New York, N.Y. |
| For Defendants-Appellants: | J. CURTIS EDMONDSON, Law Offices of J. Curtis Edmondson, Beaverton, Or. (Scott D. Frendel, Braunfotel & Frendel, LLC, New City, N.Y., Lawrence S. Cohen, Law Office of Lawrence S. Cohen, Los Angeles, Cal., *on the brief*) |

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Hawk Importers, Inc., Shyam Baheti, and Ram Baheti (collectively "Hawk" or "defendants") appeal from a November 2, 2010, memorandum and order of the United States District court for the Eastern District of New York (Seybert, *J.*), granting the motion of Cameron International Trading Co., Inc., dba Carson Optical, Leading Extreme Optimist Industries Ltd. (collectively "Cameron" or "plaintiffs") to enforce a settlement agreement, and denying defendants' motion to dismiss for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal Hawk principally argues that the district court erred by: (1) finding that it had subject matter jurisdiction to decide this case; (2) concluding that Hawk breached the September 21, 2004, Settlement Agreement (the "Agreement"); (3) failing to perform the requisite factual analysis before entering an injunction; and (4) entering an injunction that is impermissibly vague and ambiguous. We consider each of Hawk's arguments in turn.

Whether this Court has jurisdiction to decide a case is a question of law that is reviewed *de novo*. *Rogers v. Petroleo Brasileiro, S.A.*, 673 F.3d 131, 136 (2d Cir. 2012). Relying principally on *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375 (1994), and its progeny, Hawk contends that the district court lost subject matter jurisdiction to enforce the Agreement when it so-ordered the Stipulation of Dismissal with Prejudice on January 10, 2005. Alternatively, defendants contend that there is no subject matter jurisdiction because Cameron failed to demonstrate a sufficient "nexus" between the infringement addressed by the Agreement and that alleged in the motion to reopen. We are not persuaded by either of these arguments.

2

We join both the magistrate judge and the district court in concluding that this case differs from *Kokkonen* in several critical respects. Here, the district court so-ordered not only the Stipulation of Dismissal, but also the Agreement, which expressly provided for continued exclusive federal jurisdiction. Thus, when Hawk breached its contract with Cameron, it violated a court order over which the district court expressly retained authority to enforce pursuant to its "inherent power." *See Kokkonen*, 511 U.S. at 377, 380 (subject matter jurisdiction lacking where "the only order . . . was that the suit be dismissed" and this order "did not reserve jurisdiction in the District Court to enforce the [oral] settlement agreement; indeed, it did not so much as refer to the settlement agreement"). Additionally, unlike in *Kokkonen*, the Stipulation of Dismissal entered in this case expressly referenced the Agreement providing, in pertinent part, that the parties "having entered into [the Agreement] that has been 'so ordered' by this Court . . . IT IS HEREBY STIPULATED AND AGREED . . . that the [Litigation] be dismissed with prejudice to all parties." J.A. 174-75.

Also based on *Kokkonen*, Hawk asserts that federal courts lack ancillary jurisdiction to grant a motion to enforce unless it is adequately connected to the initial phase of the litigation. This argument, however, misunderstands the law. *Kokkonen* did not hold that there are two elements that must be established in order for a federal court to retain jurisdiction to enforce a settlement agreement. Instead, it held that ancillary jurisdiction may be asserted for two purposes: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; *or*, (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80. In this case, ancillary jurisdiction over Cameron's motion to enforce is appropriate

3

because it is necessary for the district court to effectuate its order, that is, the Agreement that Judge Seybert so-ordered. Accordingly, whether the claims are "factually interdependent" is irrelevant. *Id.*

Next, Hawk argues that even if the district court had jurisdiction to decide Cameron's motion, it erred in finding that Hawk breached the Agreement. Consent decrees and their underlying stipulations are generally governed by regular contract law. *Doe v. Pataki*, 481 F.3d 69, 75 (2d Cir. 2007). Contract interpretation is a question of law that we review *de novo*. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). Here, for substantially the reasons articulated by the magistrate judge and the district court, we find that Hawk breached the Agreement. On appeal, Hawk contends that the district court should not have found that its products "wholly copied [Cameron's] mold." Appellant's Br.at 34-35. However, as Hawk failed to raise this argument before the district court, we decline to consider it for the first time on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

Hawk's third and fourth claims relate to the injunction entered by the district court. First, Hawk asserts that the district court did not make the findings necessary for the issuance of an injunction, including findings regarding irreparable injury, available remedies at law, the balance of hardships, and the public interest. But pursuant to the Agreement, the district court was empowered to issue an injunction upon a simple showing that Hawk violated its terms. J.A. 166 ("Upon demonstrating to the Court that the allegedly noncomplying parties have violated the terms of this Stipulation of Settlement and Order, the complaining parties will be entitled to temporary, preliminary and permanent injunctive relief and to recover, in addition to their actual damages and the noncomplying parties' profits from such violation, their costs and expenses.").

4

Finally, Hawk claims that the injunction entered by the district court is overly broad because its use of the term "intellectual property" renders it so "vague that it does not have a reasonably specific meaning." Appellant's Br. at 41. This claim was waived when Hawk failed to object to the Report and Recommendation of the magistrate judge in a timely manner. "Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). Hawk received clear notice of the consequences of such a failure in the Report and Recommendation. While Hawk argues that it timely objected by noting that the proposed order was "much broader than the terms stipulated to in the parties [sic] previous settlement agreement," this objection did not raise the issue of specificity. J.A. 369.

We have considered the defendants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5